## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY CLARK, ) | Civil No. 1:12-cv-01310-RJL |
| ) | Hon. Richard J. Leon |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORAL ARGUMENT NOT REQUESTED** |
| COMPUTER SCIENCE CORPORATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS

Defendant Insight Global, Inc. ("Insight Global"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Rules 201(c) and 12(b)(6) of the Federal Rules of Civil Procedure, to take judicial notice of certain publicly-available records from the Superior Court for the District of Columbia Case No. 2001 CMD 012168; and for an order dismissing plaintiff Anthony Clark's Complaint with prejudice, and granting such other and further relief as this Court may deem just and proper.  In support of this Motion to Dismiss, Insight Global submits the Declaration of Valerie L. Green, with exhibits annexed thereto, and a Statement of Points and Authorities.

Plaintiff has failed to plead specific allegations of any wrongful acts by Insight Global or its employees.  Moreover, Plaintiff does not even allege specific facts from which any wrongful acts by Insight Global or its employee could be inferred.  Instead, Plaintiff makes general, conclusory allegations against a group of defendants, including Insight Global, that are not supported by the facts pleaded in the Complaint.  Further, even if this Court were to accept as sufficient Plaintiff's conclusory and unsupported allegations against Insight Global, Plaintiff's claims each suffer from fatal substantive defects and cannot survive a motion to dismiss.

For each of the foregoing reasons, discussed in greater detail in the accompanying Statement of Points and Authorities, Insight Global respectfully requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  August 14, 2012

Respectfully submitted,

*/s/ Valerie L. Green*
Valerie L. Green (D.C. Bar No. 997070)
Schiff Hardin LLP
1666 K Street, N.W., Suite 300
Washington, D.C.  20006
Telephone:  (202) 778-6400
Facsimile:  (202) 778-6460
Email:  vgreen@schiffhardin.com


Matthew F. Prewitt
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email:  mprewitt@schiffhardin.com

*Attorneys for Defendant Insight Global, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | Civil No. 1:12-cv-01310-RJL |
| | ) | Hon. Richard J. Leon |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORAL ARGUMENT NOT REQUESTED** |
| COMPUTER SCIENCE CORPORATION, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

Defendant Insight Global, Inc. ("Insight Global") respectfully submits this Statement of Points and Authorities in support of its Motion to Dismiss the Complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Insight Global brings this Motion on the grounds that Plaintiff Anthony Clark ("Plaintiff") has not and cannot state a claim against Insight Global upon which relief may be properly granted. Filed in support of this motion are the Declaration of Valerie L. Green, and Exhibits 1 and 2 attached thereto, which are documents from the underlying criminal proceeding upon which Plaintiff's Complaint relies.

I.   **INTRODUCTION**

Plaintiff's suit arises from his alleged wrongful criminal prosecution for receipt of stolen laptop computers belonging to the United States Environmental Protection Agency ("EPA"). Insight Global is a temporary staffing firm, and Plaintiff was staffed by Insight Global on a project for EPA. Based on the facts admitted in Plaintiff's Complaint, Insight Global neither instigated nor participated in Plaintiff's arrest and prosecution. Although the Complaint includes some boilerplate allegations against all named defendants collectively, these general allegations

against Insight Global are contradicted by the few specific allegations of the Complaint, which admit that the complaining witness who instigated his prosecution was not in any way affiliated with Insight Global.  Plaintiff admits both that he retained in his possession two EPA laptops for months after being fired and even that he made personal use of at least one of the laptops while they were in his possession.  Plaintiff alleges that Insight Global is somehow to blame for his arrest and prosecution, but the only specific act or omission alleged against Insight Global is that one of Insight Global's employees supposedly was "unavailable" to assist Plaintiff when he purportedly attempted to return the laptop computers.

Plaintiff has failed to plead specific allegations of any wrongful acts by Insight Global or its employees.  Moreover, Plaintiff does not even allege specific facts from which any wrongful acts by Insight Global or its employee could be inferred.  Insight Global cannot possibly be liable for any of the myriad claims asserted in the Complaint based on the single allegation that one of Insight Global's employees was "unavailable" to take receipt of the laptop computers when Plaintiff allegedly tried to return them.

Furthermore, even if this Court were to accept as sufficient against Insight Global Plaintiff's conclusory and unsupported allegations, Plaintiff's claims still cannot survive a motion to dismiss.  Each claim suffers from fatal substantive defects.  The facts as alleged defeat Plaintiff's claims for false arrest and malicious prosecution by showing that Plaintiff was arrested pursuant to a valid warrant issued by a D.C. Superior Court judge.  Similarly, Plaintiff does not allege any act or omission rising to the level of intentional wrongdoing or even negligence by Insight Global sufficient to support a claim for intentional or negligent infliction of emotional distress or for negligent hiring, training, supervision, or retention.  For these reasons, Plaintiff's Complaint should be dismissed with prejudice as to Insight Global.

I.      **BACKGROUND**

Insight Global summarizes below the allegations of Plaintiff's Complaint without admitting the truth of any of these allegations.

A.      **Plaintiff's Employment**

Plaintiff was employed by Insight Global as a "Senior Systems Analyst" from December 2009 to February 25, 2011.  (Complaint, ¶ 16.)  Defendant Computer Science Corporation ("CSC") contracted with the EPA to provide information technology ("IT") services to that agency.  (Complaint, ¶ 11.)  CSC subcontracted with defendants Kforce, Inc. ("Kforce") and with Insight Global to provide IT staffing services under CSC's contract with the EPA. (Complaint, ¶ 13.)  Insight Global assigned Plaintiff to work at the EPA.  (Complaint, ¶ 16.) Insight Global and Kforce are separate staffing firms that both provided staffing services to CSC for the EPA project; Plaintiff does not allege that there is a relationship between the two companies.

Plaintiff alleges that CSC issued a Dell laptop computer to Plaintiff to use in the course of his work at the EPA.  (Complaint, ¶ 18.)  Plaintiff alleges that CSC issued him a "property pass" which allowed him to take his assigned computer and other EPA computers home with him. (Complaint, ¶ 20.)  Plaintiff took his "assigned laptop" and another "inoperable" laptop home with him on February 24, 2011.  (Complaint, ¶ 22.)  Plaintiff never alleges that Insight Global provided Plaintiff with a laptop computer or that Insight Global had any ownership interest in the two computers at issue in his subsequent prosecution.  (*See*, Complaint, ¶¶ 16-30.)  Plaintiff also never alleges that Insight Global issued him a "property pass" or in any way was responsible for monitoring or maintaining records of what computers and other property he may have removed from EPA during the course of his employment there.  (*Id.*)

3

**B.      Plaintiff's Termination and Arrest**

Plaintiff states that he "was advised that his contract of employment was terminated" on February 25, 2011.  (Complaint, ¶ 24.)  Plaintiff alleges that Insight Global instructed Plaintiff to return his employment identification and work material to Olivia Wheeler, an Account Manager for Insight Global at that time.  (Complaint, ¶ 25.)

Plaintiff alleges that he informed Ms. Wheeler on February 25, 2011 that he had at his home two laptops, his employment identification badge, and a Blackberry telephone to return to Insight Global.  (Complaint, ¶ 26.)  Plaintiff alleges that he contacted Ms. Wheeler between February 25 and March 8, 2011 to return the property, but he admits that he never returned the laptop computers.  Plaintiff blames Ms. Wheeler for his failure to return the computers, asserting that she "either failed to show or was unavailable to take receipt" of the property.  (Complaint, ¶¶ 27-29.)  Because Ms. Wheeler supposedly was "unavailable," Plaintiff instead retained the computers for several months.

Plaintiff alleges that on April 8, 2011, Kforce reported one of the laptops (Dell Latitude E4300/CTDC9K1) in Plaintiff's possession as stolen property belonging to the EPA and CSC to Homeland Security Federal Protective Services.  (Complaint, ¶¶ 32-33.)  Plaintiff does not allege that the theft report identified the property reported as stolen as owned by Insight Global.  He does not allege that Insight Global had any role in preparing or submitting the theft report or that Insight Global even had any communication with EPA, Homeland Security, Kforce, or CSC about the laptop computers.

Plaintiff admits not only that he retained the laptops, but also states that in or about May 2011, Kforce also reported the theft to Absolute Software Corporation ("Absolute"), whose software product, Computrace, was installed on the laptop in Plaintiff's possession, allowing

Absolute to locate the computer and identify Plaintiff by recording data whenever Plaintiff used the laptop to connect to the internet.  (Complaint, ¶¶ 34-37.)

### C.     Plaintiff's Arrest and Criminal Trial

Plaintiff admits that a judge issued a warrant for his arrest and that he voluntarily surrendered to officers of the District of Columbia Metropolitan Police Department without waiting to be taken into custody.  (Complaint, ¶ 42.)  After his arrest, Plaintiff was kept in a holding cell for approximately fifteen (15) hours, and then was released.  (Complaint, ¶ 43.)

Plaintiff was tried and found "not guilty" by the Court in a criminal proceeding in D.C. Superior Court September 12-13.  (Complaint, ¶¶ 51, 53.)  Plaintiff does not allege that Insight Global participated in the criminal trial by providing witnesses or testimony or even that Insight Global had knowledge of the criminal prosecution.  (Complaint, ¶¶ 52-57.)

### D.     The Arrest Warrant and Supporting Affidavit

If this Court takes judicial notice of the copies of the arrest warrant and affidavit supporting the application for the warrant attached to the Green Declaration, then this Court may also consider that the following information was presented to the judge who issued the warrant for Plaintiff's arrest.

In the Affidavit in Support of Arrest filed in the criminal proceeding in D.C. Superior Court Case No. 2011 CMD 012168, Special Agent Brendt Johnson of Homeland Security Federal Protective Services stated that Shawn Emerson reported one of the laptops in Plaintiff's possession as stolen property.  (A true and correct copy of the Affidavit of Special Agent Brendt Johnson in Support of an Arrest Warrant ("Johnson Affidavit") is attached as Exhibit 1 to the Declaration of Valerie L. Green ("Green Declaration").)  Plaintiff identifies Emerson as an Asset Manager for KForce.  (Complaint, ¶ 55.)  The affidavit includes no reference at all to Insight Global or any of its employees.

5

Special Agent Johnson's affidavit describes how one of the EPA laptops was traced to Plaintiff when he used the laptop to surf the Internet. (Johnson Affidavit; *see also* Complaint, ¶¶ 34-37.) On June 15, 2011, Special Agent Johnson contacted Plaintiff and advised him to return that laptop to EPA. (Johnson Affidavit.) Although Plaintiff told Special Agent Johnson that he had returned the missing laptop to EPA on June 10, 2011, EPA employee Chris Baugh informed Special Agent Johnson on June 15 that Plaintiff had in fact returned a different laptop, Dell Latitude E6400/FT36VH1. (Johnson Affidavit.)

Plaintiff returned the Dell Latitude E4300/CTDC9K1 laptop that was the subject of theft report #N11001090 to EPA on June 20, 2011. (Complaint, ¶ 40.) EPA reported to Special Agent Brendt that the hard drive had been removed from the laptop that Plaintiff returned on June 20, 2011. (Johnson Affidavit.)

On June 23, 2011, the Superior Court for the District of Columbia issued a warrant for Plaintiff's arrest for receiving stolen property in violation of 22 D.C. Code §§ 3232(a) and 3232(c). (A true and correct copy of the Warrant for Plaintiff's Arrest ("Warrant") is attached as Exhibit 2 to the Green Declaration.)

## II.     ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to challenge the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations contained in the complaint. *Mead v. Lindlaw*, 839 F. Supp.2d 66, 70 (D.D.C. 2012) (citing *Atherton v. D.C. Office of Mayor,* 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, —— U.S. ——, 130 S. Ct. 2064 (2010)). A complaint "requires more

than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  Further, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *American Federation of State, County, and Municipal Employees Local 2401 v. District of Columbia*, 796 F. Supp.2d 136, 139 (D.D.C. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Twombly,* 550 U.S. at 557).  It is also not sufficient for a plaintiff to present legal conclusions "'couched as [] factual allegation[s].'" *Nelson v. Williams*, 750 F. Supp.2d 46, 49 (D.D.C. 2010) (quoting *Iqbal,* 556 U.S. at 678).

To avoid dismissal for failure to state a claim, a plaintiff must present sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  The court is not required to accept the Plaintiff's inferences "if such inferences are unsupported by the facts set out in the complaint." *Moore v. Office of the Architect of the Capitol,* 828 F. Supp.2d 254, 256 (D.D.C. 2011) (quoting *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As discussed in detail below, Plaintiff's Complaint is not plausible on its face as to Insight Global because it does not contain sufficient factual content that would allow the Court to reasonably infer any wrongdoing by Insight Global or its employees.

Pursuant to FRCP 201(c)(2) Insight Global respectfully requests that the Court take judicial notice of additional court records that are germane to the resolution of this Motion, attached as exhibits to the Green Declaration submitted with this Motion.  In deciding a Rule 12(b)(6) motion, the Court may consider "'the facts alleged in the complaint, documents attached

as exhibits or incorporated by reference in the complaint,'" or "'documents upon which the plaintiff's complaint necessarily relies' even if the document is produced not by the plaintiff." *Ward v. D.C. Dep't of Youth Rehab. Servs.,* 768 F. Supp.2d 117, 119 (D.D.C. 2011) (quoting *Gustave–Schmidt v. Chao,* 226 F. Supp.2d 191, 196 (D.D.C. 2002) and *Hinton v. Corr. Corp. of Am.,* 624 F. Supp.2d 45, 46 (D.D.C. 2009)).  The Court may also consider "matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997).  The Complaint extensively references the underlying criminal proceeding in D.C. Superior Court, and the documents in the case file for D.C. Superior Court Criminal Case No. 2011 CMD 012168 are appropriate subjects for judicial notice as public records.  *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, and ERISA Litig.*, 725 F. Supp.2d 159, 162 n. 1 (D.D.C. 2010). (stating that the court may take judicial notice of public records like docket sheets and other court documents.)  Therefore, it is appropriate for the Court to consider documents from the underlying criminal case, including the Johnson Affidavit and the Warrant, in connection with this Motion.

### B.      Plaintiff's Complaint Does Not Present a Plausible Claim for Relief Against Insight Global On Its Face.

Plaintiff cannot present a plausible claim for relief against Insight Global.  Plaintiff includes no specific allegations of any wrongful acts by Insight Global or its employees, nor even any specific allegations from which any wrongful acts could be inferred.  Instead, Plaintiff couches legal conclusions as factual assertions, by stating that Insight Global "instigated, directed, participated in, and effected the arrest and imprisonment of Plaintiff…"  (Complaint, ¶ 46.)  Plaintiff also states that "[d]efendants acted with the intent of imposing an arrest and confinement of the Plaintiff."  (Complaint, ¶ 47.)

These general, "boilerplate" assertions made collectively against all defendants are not enough to sustain a claim against Insight Global. In *Tull v. Office of the Architect of the Capitol*, 806 F. Supp.2d 80, 83 (D.D.C. 2011), this Court dismissed most of the claims of a plaintiff who made specific allegations of wrongdoing as to one defendant, but "merely allege[d] in a conclusory manner" wrongdoing by the other defendants. In that case, the Court found that the plaintiff had failed to "allege any improper action on [the other defendants'] parts, or for that matter, any knowledge of [another defendant's] alleged improper actions," mandating the dismissal of the claims against all of the defendants except one. *Id.*

Plaintiff's pleading is very similar to the complaint in *Tull*. Clark's Complaint contains no specific factual allegation, nor even any specific allegations from which it could be inferred, that Insight Global or any of its employees ever instigated or participated in Plaintiff's arrest or prosecution, or even were aware of the criminal investigation, arrest, and prosecution giving rise to this lawsuit. The Complaint alleges that the laptop computers in Plaintiff's possession when he was terminated were the laptop issued to him by CSC – not Insight Global -- and an inoperable laptop that he took home from the EPA using a property pass issued by CSC – again, not by Insight Global. (Complaint, ¶¶ 19-22.) Plaintiff does not suggest that the laptops belonged to Insight Global or were issued to Plaintiff by Insight Global. When Plaintiff eventually returned the laptops in his possession, he did so by delivering them to someone at the EPA, not by returning them to Insight Global. Although Plaintiff asserts that Insight Global "instigated, directed, participated in and effected" the Plaintiff's "arrest and imprisonment," Plaintiff alleges elsewhere that a specific employee of Kforce – not Insight Global -- prepared and submitted to Homeland Security the stolen property report. Plaintiff makes only general, conclusory allegations that Insight Global was involved in his arrest and prosecution while

repeatedly alleging specific facts that contradict this general allegation.  Plaintiff has not presented allegations from which Insight Global's participation in Plaintiff's criminal investigation and arrest can be inferred.  *Moore*, 828 F. Supp.2d at 256.

Plaintiff also does not specifically allege that Insight Global or its employee Ms. Wheeler deliberately gave false information to the police or otherwise acted with malice, willfulness or intent to injure him, so Plaintiff's claims for malicious prosecution, and intentional infliction of emotional distress, must also fail.  Plaintiff's claim against Insight Global for negligent infliction of emotional distress is similarly deficient because he has presented no allegations of wrongdoing or negligence.

Plaintiff makes only one specific allegation against Insight Global – that Insight Global's former Account Manager, Olivia Wheeler, for unknown reasons, did not "take receipt" of the two computers following Plaintiff's termination.  This allegation seems intended to support Plaintiff's claim that Insight Global was negligent in the hiring, training, supervision, and retention of its employees.  However, Plaintiff does not present facts to support that any of Ms. Wheeler's or Insight Global's actions were negligent.  Plaintiff also does not allege that Ms. Wheeler's or Insight Global's actions were malicious.  Moreover, Plaintiff does not present specific factual allegations that Ms. Wheeler not being available to take receipt of the laptops from him proximately caused any of the other events complained of, nor could he do so.  The deficiencies of Plaintiff's claims for negligent hiring, training, supervision, and retention are discussed in detail below in Section II.C.5.

### C.   Even if Well-Pleaded, Plaintiff's Complaint Fails Because He Cannot Satisfy Any of the Substantive Elements of His Alleged Claims.

Even if this Court were to accept Plaintiff's conclusory and unsupported allegations against Insight Global, Plaintiff's claims each still suffer from fatal substantive defects.

1.    **Plaintiff's Count I for False Arrest Fails and Should be Dismissed as to Insight Global.**

Under District of Columbia law, "false arrest" is practically indistinguishable from the tort of "false imprisonment." *Dormu v. District of Columbia*, 795 F. Supp.2d 7, 27 (D.D.C. 2011). It is well-settled that a successful claim for false arrest or false imprisonment requires the plaintiff to show that he was unlawfully detained. *DeWitt v. District of Columbia*, 43 A.3d 291, 295 (D.C. 2012); *Clarke v. District of Columbia,* 311 A.2d 508, 511 (D.C. 1973). "[I]t is [also] a familiar principle that probable cause for an arrest and detention constitutes a valid defense" to a claim for false arrest. *Magwood v. Giddings,* 672 A.2d 1083, 1086 (D.C. 1996).

In this context, probable cause merely requires that the arresting officer "have a good faith, reasonable belief in the validity of the arrest and detention." *Gabrou v. May Dep't Stores Co.,* 462 A.2d 1102, 1104 (D.C. 1983); *see also Weisman v. Middleton,* 390 A.2d 996, 1002 (D.C. 1978) (stating that probable cause exists even where the arresting officer's reasonable belief in the validity of the arrest turns out to be unfounded). Probable cause does not need to be based on the same quality of evidence that would be needed to sustain a conviction, but must be based on more than "mere suspicion." *Perkins v. United States,* 936 A.2d 303, 306 (D.C. 2007). Finally, a private citizen cannot be held liable for false arrest for inducing an officer of the law to make an arrest if the officer exercises his or her own authority to arrest. *Vessels v. District of Columbia*, 531 A. 2d 1016 (D.C. 1987).

The facts alleged in Plaintiff's Complaint do not support a claim for false arrest. Rather, Plaintiff's factual allegations and the other evidence in the public record actually undercut his case against Insight Global and the other defendants, by showing that a warrant was issued for Plaintiff's arrest based on a reasonable belief in probable cause. During the time between February 2011 when he was terminated, and June 2011, Plaintiff was actively using the laptops

11

in his possession.  That is how Absolute (the company whose tracing software was installed on the computers) was able to use its software to track the location of the computers and identify Plaintiff.  (Complaint ¶¶ 35-37; Johnson Affidavit.)  Further, after Plaintiff was contacted by Agent Johnson and advised to return the laptops to EPA, he only returned one computer, *and it was not even the computer he had been asked to return*.  (Johnson Affidavit.)  That action alerted EPA and Agent Johnson that Plaintiff had more than one computer in his possession that belonged to EPA.  When Plaintiff did return the other computer on June 20, 2011 the hard drive was missing.  (*Id.*)  Agent Johnson included all those allegations of Plaintiff's wrongdoing in his Affidavit in support of an arrest warrant, showing that Agent Johnson had a good-faith basis for probable cause in seeking the warrant.

Plaintiff had a warrant issued for his arrest, was detained, and faced criminal charges because of his own actions.  In this case, Agent Johnson had a reasonable basis for requesting a warrant for Plaintiff's arrest, and the arresting officers of the D.C. Metropolitan Police Department had a "good faith, reasonable belief in the validity of the arrest and detention" when Plaintiff voluntarily surrendered himself to custody.  *Gabrou,* 462 A.2d at 1104.  Moreover, even if Insight Global had instigated the criminal investigation, which it did not and which Plaintiff has not even alleged, Homeland Security Federal Protective Services, the Assistant United States Attorney assigned to the matter, and the D.C. Metropolitan Police Department all proceeded with the criminal investigation, arrest, and detention of the Plaintiff pursuant to their own authority to do so, taking the case to trial.  Plaintiff's claim for false arrest fails because there was sufficient probable cause for his arrest and detention, and should be dismissed as to Insight Global.

### 2.      Plaintiff's Count II for Malicious Prosecution Should Be Dismissed as to Insight Global.

The facts alleged in Plaintiff's Complaint do not support a claim for malicious prosecution.  To establish a *prima facie* case of malicious prosecution, a plaintiff must allege:  (i) a criminal proceeding instituted or continued by the defendant against the plaintiff; (ii) termination of the proceeding in favor of the accused; (iii) absence of probable cause for the proceeding, and (iv) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.  *DeWitt,* 43 A.3d at 295-296.   "The existence of probable cause will . . . defeat a claim for malicious prosecution," and plaintiffs bear the burden of proof to show lack of probable cause.  *Gabrou,* 462 A.2d at 1104; *see also Prieto v. May Dep't Stores Co.,* 216 A.2d 577, 578 (D.C., 1966); *DeWitt*, 43 A.3d at 296 (quoting *Schlueter v. S. Energy Homes, Inc.,* 252 Fed. Appx. 7, 9 (6th Cir. 2007) ("the plaintiff bears a heavy burden of proof to show lack of probable cause.")).

As discussed in detail above, the facts alleged in Plaintiff's Complaint and additional facts provided by the court documents referenced in Plaintiff's Complaint show that a valid warrant was issued for Plaintiff's arrest based on probable cause.  Plaintiff's claim for malicious prosecution fails for that reason alone.  However, Plaintiff's claim is also deficient because the Complaint fails to show that any of the defendants acted with malice or any primary purpose other than retrieving their missing property.  *DeWitt,* 43 A.3d at 295-296.  Plaintiff's conclusory allegation that "[d]efendants, jointly and severally, acted with malice in instigating and prosecuting said criminal action" is nothing more than a legal conclusion presented as fact and is insufficient to support his claim for malicious prosecution.  *See Nelson*, 750 F. Supp.2d at 49. Plaintiff's Complaint fails utterly to allege any facts that would support a finding that Insight

Global acted with malice.   Therefore, Plaintiff's claim for malicious prosecution should be dismissed as to Insight Global.

### 3.    Plaintiff's Count III for Intentional Infliction of Emotional Distress Fails and Should be Dismissed as to Insight Global.

Based on the facts alleged in the Complaint, Plaintiff cannot meet the high burden required to sustain a claim for intentional infliction of emotional distress.   The elements of intentional infliction of emotional distress are:  (i) extreme and outrageous conduct on the part of the defendant which, (ii) intentionally or recklessly (iii) causes the plaintiff severe emotional distress.   *Baltimore v. District of Columbia*, 10 A.3d 1141, 1155 (D.C. 2011); *Kotsch v. District of Columbia,* 924 A.2d 1040, 1045 (D.C. 2007); *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002); *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856, 861 (D.C. 1999).   There is a high threshold for "extreme and outrageous conduct" – "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   *Kotsch*, 924 A.2d at 1045-46 (quoting Restatement (Second) of Torts § 46, cmt. D (1965)) (alteration in original).   "In the District of Columbia, employer-employee conflicts rarely, if ever, 'rise to the level of outrageous conduct.'"   *Marshall v. Honeywell Technology Solutions, Inc.,* 536 F. Supp.2d 59, 70 (D.D.C. 2008) (quoting *Howard Univ. v. Best,* 484 A.2d 958 at 986 (D.C. 1984)).

The third element requires a showing that the defendant's conduct caused "severe emotional distress" to the plaintiff.   *Ross v. DynCorp*, 362 F. Supp.2d 344, 360 (D.D.C. 2005). Under D.C. precedent, general allegations of mental anguish and stress are not sufficient to support a claim for intentional infliction of emotional distress, and a plaintiff may not recover for intentional infliction of emotional distress "merely because conduct causes mental distress."

*Lyles v. Micenko*, 468 F. Supp.2d 68, 75 (D.D.C. 2006) (citing *District of Columbia v. Thompson*, 570 A. 2d 277, 290 (D.C., 1990); *Futrell v. Dept. of Labor Federal Credit Union*, 816 A.2d 793, 808 (D.C. 2003).).

Plaintiff cannot recover for intentional infliction of emotional distress against Insight Global because he has not specifically alleged any conduct by Insight Global that was wrongful, much less "extreme and outrageous." *Kotsch*, 924 A.2d at 1045-46. Plaintiff's only specific allegation against Insight Global is that Ms. Wheeler "either failed to show or was unavailable" when he contacted her regarding returning the computers. Plaintiff's allegations do not rise to the level even of negligence, much less "go beyond all possible bounds of decency" to be "atrocious, and utterly intolerable in a civilized community." *Kotsch*, 924 A. 2d at 1045-46. Although Plaintiff included a conclusory claim that Insight Global "instigated, directed, participated in and effected the [Plaintiff's] arrest and imprisonment," the Complaint alleges elsewhere that Kforce prepared and submitted the theft report that triggered the criminal investigation, and Agent Johnson's Affidavit states that EPA reported one of the missing computers as stolen. There is no allegation that Insight Global was involved in reporting the computers as stolen, and Plaintiff's own actions in retaining the computers for months and then making personal use of at least one of them to surf the Internet would provide whoever actually initiated the criminal prosecution ample basis for doing so. Plaintiff has not alleged any facts that show the kind of extreme and outrageous behavior necessary to support a claim for intentional infliction of emotional distress.

### 4.    Plaintiff's Count IV for Negligent Infliction of Emotional Distress Should Be Dismissed as to Insight Global.

Plaintiff's claim for negligent infliction of emotional distress fails as to Insight Global for many of the reasons discussed above.  To recover for negligent infliction of emotional distress, a plaintiff must show that:

> (1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being, (2) there is an especially likely risk that the defendant's negligence would cause serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff.

*Hedgepeth v. Whitman Walker Clinic,* 22 A.3d 789, 810-811 (D.C. 2011).

Plaintiff has not presented facts that plausibly support any of the elements described above.  Here, the Plaintiff has not alleged negligent infliction of emotional distress caused by the termination of his employment or any conduct that occurred while he was employed by Insight Global.  Rather, he alleges that the defendants, including Insight Global, caused him severe emotional distress by failing to "conduct an adequate investigation or fully participate in the investigation regarding the allegation that Plaintiff was in possession of stolen property." (Complaint, ¶ 67.)   Plaintiff's only allegations of negligence involve alleged conduct that occurred after he was no longer an employee of Insight Global, and he has not alleged what relationship he then had with Insight Global that "necessarily implicat[ed] [his] emotional well-being."  *Hedgepeth,* 22 A.3d at 810.  Plaintiff also cannot present a plausible claim that there was an especially likely risk that Insight Global's alleged failure to fully investigate or participate in the criminal prosecution of a former contract employee would cause serious emotional distress to Plaintiff.  Finally, Plaintiff has not and cannot support a claim that any of Insight Global's actions proximately caused any severe emotional distress that he allegedly experienced.  The

causal chain between Ms. Wheeler being "unavailable" to take receipt of the laptops after Plaintiff's termination and Plaintiff's arrest is simply too attenuated and complicated by Plaintiff's own actions.

> **5.**     **Plaintiff's Count V for Negligent Hiring, Training, Supervision, and Retention Should Be Dismissed as to Insight Global.**

Plaintiff has not asserted and cannot assert facts sufficient to support a plausible claim against Insight Global for negligent hiring, training, supervision, and retention.  Although any hiring, training, supervision, and retention of Insight Global's employees occurred in Virginia where Insight Global's local office is located, Plaintiff's claim is fatally deficient regardless of whether Virginia or District of Columbia law applies.

> **a.**     **Legal Standards**

Claims related to negligent hiring, training, supervision, and retention derive from the general tort of negligence.  *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C. 2007).  To prove a claim of negligence, a plaintiff must show the existence of a duty of care owed by the defendant to him (or to a class of which he is a member), a breach of that duty by the defendant, and damage to the interests of the plaintiff that are proximately caused by the breach of duty. *See, e.g.*, *District of Columbia v. Harris,* 770 A.2d 82, 87 (D.C. 2001).  Under Virginia law, negligent hiring occurs when an employer places "an unfit person in an employment situation involving an unreasonable risk of harm to others."  *J. v. Victory Tabernacle Baptist Church,* 372 S.E.2d 391, 394 (1988).  Therefore, in any negligent hiring case, the plaintiff must prove that he was injured by an employee of the defendant, and that the employer knew or should have known that its employee had some deficiency in education, training, or physical or mental status, that created an unreasonable risk of harm.  *See*, *e.g.*, *id.*  Further, the plaintiff must show that the

employer's act of putting "an unfit person" in the employment situation proximately caused the plaintiff's injuries. *Infant C v. Boy Scouts of America,* 391 .S.E.2d 322, 326 (1990).

The standard is practically identical under D.C. law. *See, e.g.*, *Beyene v. Hilton Hotels Corp.*, 815 F. Supp.2d 235, 252 (D.D.C. 2011) ("an employer owes duties to third persons 'to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee.' (quoting *Fleming v. Bronfin,* 80 A.2d 915, 917 (D.C. 1951)).

Virginia law does not recognize a cause of action for either negligent training or negligent supervision. *Williams v. Dowell*, 1994 WL 1031277, 3 (Va. Cir. Ct. 1994); *Chesapeake & Potomac Telephone Co. of Va. v. Dowdy,* 365 S.E.2d 751, 754, (1988) (the Virginia Supreme Court found no cause of action for negligent supervision); *Eley v. Evans,* 476 F. Supp.2d 531, 532 n.3 (E.D.Va. 2007) (stating that "federal and Virginia courts have held that Virginia does not recognize negligent supervision as a valid cause of action"). While D.C. does recognize those causes of action, (*see*, *e.g.*, *Dormu v. District of Columbia*, 795 F. Supp.2d 7, 31 (D.D.C. 2011), Plaintiff has failed to allege any facts that would support such claims, as discussed more fully below.

To support a claim for negligent supervision in D.C., a plaintiff must show that "an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C. 1985) (emphasis omitted). Moreover, the employer's negligence must have been a substantial factor in causing the plaintiff's injury. *Dormu*, 795 F.Supp.2d at 31 (citing *Tarpeh–Doe v. United States,* 28 F.3d 120, 124 (D.C. Cir. 1994).

For the same reasons, Plaintiff cannot present a plausible claim against Insight Global for negligent retention.   Virginia and D.C. law both recognize a cause of action for negligent retention.  *See Barrett v. Applied Radiant Energy Corp.,* 240 F.3d 262, 269 (4th Cir. 2001); *Philip Morris, Inc. v. Emerson,* 368 S.E.2d 268 (1988); *Beyene*, 815 F. Supp. 2d at 252.   In order to prove an employer liable for negligent retention, a plaintiff must show that the employer knew or should have known that its employee was dangerous and likely to harm others.   *Southeast Apartments Mgmt., Inc. v. Jackman,* 513 S.E.2d 395 (1999). *Beyene*, 815 F. Supp. 2d at 252.

> **b.     Plaintiff Cannot Meet the Legal Standards as to Negligent Hiring, Training, Supervision, or Retention.**

The legal standards set forth above make it clear that a claim against the employer for negligent hiring, training, or supervision must be premised on an underlying actionable tort by the subject employee.  Here, Plaintiff has not alleged any particular act or omission by Insight Global, or its employee, Ms. Wheeler, that was negligent.  Plaintiff does not allege that Ms. Wheeler was "unfit" for her job in a manner that caused "an unreasonable risk" to others. *Victory Tabernacle,* 372 S.E.2d at 394.  Plaintiff does not allege anything that would allow the Court to make a reasonable inference that there was any deficiency in Ms. Wheeler's education, training, or performance of her job.  Plaintiff does not even allege that Ms. Wheeler was negligent in failing to "take receipt" of the computers.  He alleges only that she "either failed to show or was unavailable," when Plaintiff allegedly contacted her about returning the laptops, allegations that do not carry even any implied imputation of fault.  In support of his claim for negligent hiring, training, supervision, and retention, Plaintiff merely alleges that:

> Defendant CSC, Defendant Kforce and Defendant Global [sic] Insight failed to adequately supervise its [sic] agents and/or employees when it [sic] made the false allegation that said property in Plaintiff's possession was stolen, and in Defendants [sic] participation in the criminal prosecution of Plaintiff. (Complaint, ¶ 73.)

Plaintiff also claims that Insight Global:

> breached its duty when it failed to adequately supervise its agents/employees in properly assisting Plaintiff in the return of said property in Plaintiff's possession, after directing Plaintiff to provide said property to its agent/employee following Plaintiff's termination on February 25, 2011.  (Complaint, ¶74.)

What Plaintiff does not allege includes:  how Insight Global was purportedly negligent in the hiring, training, or supervision of Ms. Wheeler; that Ms. Wheeler's actions were wrongful; that Ms. Wheeler's actions (if they had been allegedly wrongful) were foreseeable by Insight Global; or that any actions taken by Ms. Wheeler proximately caused any injury to Plaintiff.  Plaintiff cannot show that Ms. Wheeler behaved in a "dangerous or otherwise incompetent manner," much less that Insight Global knew or should have known of such behavior.

Finally, as discussed throughout this Motion, there is no causal link between any of Insight Global's or its employee's actions and the injury of which Plaintiff complains. Regardless of whether Ms. Wheeler was unavailable to take receipt of the computers when Plaintiff allegedly contacted her, Plaintiff was arrested because he retained possession of the EPA laptop computers for months and was actively using at least one of the EPA laptop computers in his possession to access the Internet. (Complaint, ¶¶ 35-37).   Plaintiff cannot sustain a plausible claim against Insight Global for negligent hiring, training, supervision, and retention, and this claim should be dismissed with prejudice.

III.    **CONCLUSION**

For the foregoing reasons, Insight Global respectfully requests that the Complaint against

it be dismissed with prejudice.

Dated:  August 14, 2012                          Respectfully submitted,

                                                 */s/ Valerie L. Green*
                                                 Valerie L. Green (D.C. Bar No. 997070)
                                                 Schiff Hardin LLP
                                                 1666 K Street, N.W., Suite 300
                                                 Washington, D.C.  20006
                                                 Telephone:  (202) 778-6400
                                                 Facsimile:  (202) 778-6460
                                                 Email:  vgreen@schiffhardin.com

                                                 Matthew F. Prewitt
                                                 Schiff Hardin LLP
                                                 233 South Wacker Drive
                                                 Suite 6600
                                                 Chicago, IL 60606
                                                 Telephone:  (312) 258-5500
                                                 Facsimile:  (312) 258-5600
                                                 Email:  mprewitt@schiffhardin.com

                                                 *Attorneys for Defendant Insight Global, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of August 2012, a copy of the foregoing Motion to Dismiss by Insight Global, Inc., and the accompanying Declaration of Valerie L. Green with exhibits, Statement of Points and Authorities, and Proposed Order (collectively, "Motion") were sent by first class U.S. mail, postage prepaid, to:

Kenneth L. Blackwell, Esq.
Blackwell & Associates
P.O. Box 23610
Washington, DC 20026
*Attorney for Plaintiff*


I hereby certify that the other parties to this action were given notice of the foregoing Motion through the Court's electronic filing and notification system, and were served with courtesy copies of the Motion *via* e-mail to:

Malcom C. DeLorme, cdelorme@jonesday.com,
Jennifer C. Everett, jeverett@jonesday.com
*Attorneys for Defendant Computer Science Corporation*

Zachary G. Williams, zgw@carrmaloney.com
*Attorneys for Defendant Kforce, Inc.*