**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | Civil No. 1:12-cv-01310-RJL |
| | ) | Hon. Richard J. Leon |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORAL ARGUMENT NOT REQUESTED** |
| | ) | |
| COMPUTER SCIENCE CORPORATION, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT INSIGHT GLOBAL, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant Insight Global, Inc. ("Insight Global") moves the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no genuine issue as to any material fact and that Insight Global is entitled to judgment as a matter of law. There are no facts to support Plaintiff's allegations that Insight Global or its employees acted wrongfully. It is undisputed that neither Insight Global nor any of its employees instigated or participated in Plaintiff's arrest or prosecution. Nor was Defendant Insight Global or its employees aware of the criminal investigation, arrest and prosecution giving rise to Plaintiff's causes of action for false arrest; malicious prosecution; intentional and negligent infliction of emotional distress; and negligent hiring, training, supervision and retention. The Court should enter judgment in favor of Insight Global.

The motion is based upon this Motion, the accompanying Memorandum of Points and Authorities, the accompanying Statement of Material Facts Not at Issue, the Declaration of Matthew F. Prewitt and evidence attached thereto, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.[1]

Dated:  February 28, 2013

Respectfully submitted,

/s/  Matthew F. Prewitt

Matthew F. Prewitt (D.C. Bar No. IL0018)
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email:  mprewitt@schiffhardin.com
*Attorneys for Defendant Insight Global, Inc.*

---

[1] As the docket reflects, on August 14, 2012 defendant Insight Global filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff failed to plead specific allegations of any wrongful acts by Insight Global or its employees, and therefore did not state a claim upon which the Court can grant relief.  Although the Court is authorized to convert Insight Global's Motion to Dismiss into a Motion for Summary Judgment, Insight Global files the instant Motion in an abundance of caution should the Court not exercise its discretion.  *See* Fed. R. Civ. P. 12(d).

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 2

II.   BACKGROUND .................................................................................................. 3

    A.    Plaintiff's Employment. ............................................................................ 3

    B.    Plaintiff's Termination and Arrest. .......................................................... 4

    C.    The Arrest Warrant and Supporting Affidavit. ........................................ 5

    D.    Plaintiff's Arrest and Criminal Trial. ...................................................... 6

III.  ARGUMENT ....................................................................................................... 6

    A.    Insight Global Is Entitled to Summary Judgment Because Plaintiff
          Cannot Establish the Essential Elements of His Causes of Action. ......................... 8

          1.    Plaintiff's Cause of Action for False Arrest Fails As a
                 Matter of Law. ............................................................................ 8

          2.    The Court Should Enter Judgment for Insight Global on
                 Plaintiff's Malicious Prosecution Claim. ...................................... 9

          3.    Plaintiff's Intentional Infliction of Emotional Distress
                 Cause of Action Fails As a Matter of Law. ............................... 10

          4.    Plaintiff's Cause of Action for Negligent Infliction of
                 Emotional Distress Cannot Survive. ........................................... 12

          5.    The Court Should Enter Judgment for Insight Global on
                 Plaintiff's Claim for Negligent Hiring, Training,
                 Supervision, and Retention. ....................................................... 13

               a.    Legal Standards. ............................................................. 13

               b.    The Undisputed Facts Do Not Permit Plaintiff to
                     Maintain a Claim for Negligent Hiring, Training,
                     Supervision, or Retention. .............................................. 15

IV.   CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242  (1986).................................................................................. 6

*Baltimore v. District of Columbia*,
    10 A.3d 1141 (D.C. 2011) ....................................................................... 10

*Barrett v. Applied Radiant Energy Corp.*,
    240 F.3d 262 (4th Cir. 2001) ................................................................... 15

*Beyene v. Hilton Hotels Corp.*,
    815 F. Supp.2d 235 (D.D.C. 2011)..................................................... 14, 15

*Celotex Corp. v. Catrett*,
    477 U.S. 317 [ ] (1986)............................................................................. 7

*Chesapeake & Potomac Telephone Co. of Va. v. Dowdy*,
    365 S.E.2d 751  (1988) ........................................................................... 14

*Clarke v. District of Columbia*,
    311 A.2d 508 (D.C. 1973) ......................................................................... 8

*DeWitt v. District of Columbia*,
    43 A.3d 291 (D.C. 2012) ................................................................. 8, 9, 10

*District of Columbia v. Harris*,
    770 A.2d 82 (D.C. 2001) ......................................................................... 14

*District of Columbia v. Thompson*,
    570 A. 2d 277 (D.C., 1990) ..................................................................... 11

*Doe v. United States*,
    28 F.3d 120 (D.C. Cir. 1994) .................................................................. 15

*Dormu v. District of Columbia*,
    795 F. Supp.2d 7 (D.D.C. 2011)..................................................... 8, 14, 15

*Edmond v. Am. Educ. Services*,
    823 F. Supp. 2d 28 (D.D.C. 2011)............................................................ 7

*Eley v. Evans*,
    476 F. Supp.2d 531 (E.D.Va. 2007) ........................................................ 14

*Fleming v. Bronfin*,
    80 A.2d 915 (D.C. 1951) ......................................................................... 14

*Frito-Lay, Inc. v. Willoughby*,
    863 F.2d 1029 (D.C. Cir. 1988)................................................................. 7

TABLE OF AUTHORITIES
(continued)

Page

*Futrell v. Dept. of Labor Federal Credit Union,*
   816 A.2d 793 (D.C. 2003) ................................................................................. 11

*Gabrou v. May Dep't Stores Co.,*
   462 A.2d 1102 (D.C. 1983) ........................................................................ 8, 9, 10

*Giles v. Shell Oil Corp.,*
   487 A.2d 610 (D.C. 1985) ................................................................................. 15

*Griffin v. Acacia Life Ins. Co.,*
   925 A.2d 564 (D.C. 2007) ................................................................................. 13

*Hedgepeth v. Whitman Walker Clinic,*
   22 A.3d 789 (D.C. 2011) ................................................................................... 12

*Howard Univ. v. Best,*
   484 A.2d 958 (D.C. 1984) ................................................................................. 11

*Infant C v. Boy Scouts of America,*
   391 .S.E.2d 322 (1990) ...................................................................................... 14

*J. v. Victory Tabernacle Baptist Church,*
   372 S.E.2d 391 (1988) ....................................................................................... 14

*Kitt v. Capital Concerts, Inc.,*
   742 A.2d 856 (D.C. 1999) ................................................................................. 10

*Kotsch v. District of Columbia,*
   924 A.2d 1040 (D.C. 2007) ......................................................................... 10, 11

*Larijani v. Georgetown Univ.,*
   791 A.2d 41 (D.C. 2002) ................................................................................... 10

*Lyles v. Micenko,*
   468 F. Supp.2d 68 (D.D.C. 2006) ..................................................................... 11

*Magwood v. Giddings,*
   672 A.2d 1083 (D.C. 1996) ................................................................................. 8

*Marshall v. Honeywell Technology Solutions, Inc.,*
   536 F. Supp.2d 59 (D.D.C. 2008) ..................................................................... 11

*McGrath v. Clinton,*
   666 F.3d 1377 (D.C. Cir. 2012) .......................................................................... 6

*Perkins v. United States,*
   936 A.2d 303 (D.C. 2007) ................................................................................... 8

*Philip Morris, Inc. v. Emerson,*
   368 S.E.2d 268 (1988) ....................................................................................... 15

*Prieto v. May Dep't Stores Co.,*
   216 A.2d 577 (D.C., 1966) ................................................................................ 10

TABLE OF AUTHORITIES
(continued)

Page

*Reeves v. Sanderson Plumbing Prods., Inc.,*
  530 U.S. 133, 150 (2000) ................................................................. 7

*Ross v. DynCorp,*
  362 F. Supp.2d 344 (D.D.C. 2005) ................................................. 11

*Schlueter v. S. Energy Homes, Inc.,*
  252 Fed. Appx. 7 (6th Cir. 2007) ................................................. 10

*Southeast Apartments Mgmt., Inc. v. Jackman,*
  513 S.E.2d 395 (1999) ................................................................... 15

*Tookes v. United States,*
  811 F. Supp. 2d 322 (D.D.C. 2011) ................................................ 6

*Vessels v. District of Columbia,*
  531 A. 2d 1016 (D.C. 1987) ............................................................ 8

*Weisman v. Middleton,*
  390 A.2d 996 (D.C. 1978) ............................................................... 8

*Williams v. Dowell,*
  1994 WL 1031277 (Va. Cir. Ct. 1994) ........................................... 14

## STATUTES

22 D.C. Code §§3232(a) ..................................................................... 5

## RULES AND REGULATIONS

Fed. R. Civ. P. 56 ......................................................................... 1, 7

Fed. R. Civ. P. 56(a) ......................................................................... 6

Fed. R. Civ. P. 56(c)(1) ..................................................................... 7

L. R. Cv. P. 7(h)(1) ........................................................................... 7

## ADDITIONAL AUTHORITIES

Restatement (Second) of Torts § 46 cmt. D (1965) ................................ 11

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | Civil No. 1:12-cv-01310-RJL |
| | ) | Hon. Richard J. Leon |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORAL ARGUMENT NOT REQUESTED** |
| | ) | |
| COMPUTER SCIENCE CORPORATION, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Insight Global, Inc. ("Insight Global") respectfully submits this Memorandum

of Points and Authorities in support of its Motion for Summary Judgment, pursuant to Rule 56 of

the Federal Rules of Civil Procedure.   Insight Global brings this Motion on the ground that

Plaintiff's claims fail as a matter of law because the undisputed material facts demonstrate that

Insight Global is not and cannot be liable under any of Plaintiff's legal theories.

Summary judgment is appropriate because there is no dispute over the material facts:

Insight Global and its employees did not act wrongfully.   It is undisputed that neither Insight

Global nor any of its employees instigated or participated in Plaintiff's arrest or prosecution.

Insight Global was not even aware of the criminal investigation, arrest and prosecution giving

rise to Plaintiff's causes of action.   Moreover, the laptop computers that were the subject of

Plaintiff's arrest and were in his possession when his employment was terminated were issued to

him by defendant Computer Science Corporation, not Insight Global.   Plaintiff eventually

returned the laptops to the United States Environmental Protection Agency ("EPA"), not Insight

Global.   It is also undisputed that Plaintiff's arrest and subsequent time in a holding cell stemmed

from the acts of other entities, including the District of Columbia Police Department, not Insight

Global.

In light of these uncontroverted facts, Plaintiff cannot establish the essential elements of his claims for false arrest; malicious prosecution; intentional and negligent infliction of emotional distress; and negligent hiring, training, supervision, and retention. The Court should therefore summarily adjudicate Plaintiff's complaint and enter judgment in Insight Global's favor.

## I.    INTRODUCTION

Plaintiff's suit arises from his alleged wrongful criminal prosecution for receipt of stolen laptop computers belonging to the EPA. Insight Global is a technology staffing firm, and it staffed Plaintiff on a project for the EPA. Plaintiff retained in his possession two EPA laptops for months after being fired, and he made personal use of at least one of the laptops while they were in his possession. Insight Global neither instigated nor participated in Plaintiff's arrest and prosecution. The complaining witness who instigated the prosecution against Plaintiff was not affiliated with Insight Global. Although Plaintiff alleges Insight Global is somehow to blame for his arrest and prosecution, the only purported evidence is that one of Insight Global's employees was "unavailable" to assist Plaintiff when he allegedly tried to return the laptop computers.

There exist no facts to support any wrongful acts by Insight Global or its employees. Insight Global cannot be liable for any of the myriad claims asserted in the complaint based on the single factual allegation that one of Insight Global's employees was "unavailable" to take receipt of the laptop computers when Plaintiff allegedly tried to return them. Plaintiff was arrested pursuant to a warrant issued by a D.C. Superior court judge upon the judge's determination that there was probable cause for a warrant; the issuance of the warrant had nothing to do with Insight Global. There are no facts to support the level of intentional wrongdoing or even negligence by Insight Global sufficient to support a claim for intentional or

negligent infliction of emotional distress or for negligent hiring, training, supervision, or retention.

Because there is no dispute about these material facts, the Court should grant Insight Global's Motion and enter judgment in Insight Global's favor.

## II.   BACKGROUND

### A.   Plaintiff's Employment.

Plaintiff was employed by Insight Global as a "Senior Systems Analyst" from December 2009 to February 25, 2011. (Complaint ¶ 16.) (A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1 to the Declaration of Matthew F. Prewitt ("Prewitt Declaration").) Defendant Computer Science Corporation ("CSC") contracted with the EPA to provide information technology ("IT") services to that agency. (Complaint ¶ 11.) CSC subcontracted with defendants Kforce, Inc. ("Kforce") and with Insight Global to provide IT staffing services under CSC's contract with the EPA. (Complaint ¶ 13.) Insight Global assigned Plaintiff to work at the EPA. SMF 1.[2] Insight Global and Kforce are separate staffing firms that both provided staffing services to CSC for the EPA project; there is no relationship between Insight Global and Kforce. SMF 2.

CSC — not Insight Global — issued a Dell laptop computer to Plaintiff to use in the course of his work at the EPA. SMF 3. According to Plaintiff, CSC issued a "property pass" which allowed him to take his assigned computer and other EPA computers home with him. (Complaint ¶ 20.) Plaintiff took his "assigned laptop" and another "inoperable" laptop home with him on February 24, 2011. SMF 4. It is undisputed that Insight Global never provided Plaintiff with a laptop computer or that Insight Global had any ownership interest in the two

---

[2] See the accompanying Statement of Material Facts Not at Issue ("SMF") and evidence cited therein.

computers at issue in his subsequent prosecution. SMF 5. Nor did Insight Global issue Plaintiff a "property pass" or in any way monitor or maintain records of what computers and other property he may have removed from the EPA during the course of his assignment there. SMF 6.

**B.  Plaintiff's Termination and Arrest.**

Plaintiff "was advised that his contract of employment was terminated" on February 25, 2011, and Insight Global instructed Plaintiff to return his employment identification and work material to Olivia Wheeler, an Account Manager for Insight Global at that time. (Complaint ¶¶ 24–25.)

Plaintiff claims he informed Ms. Wheeler on February 25, 2011 that he had at his home two laptops, his employment identification badge, and a Blackberry telephone to return to Insight Global. (Complaint ¶ 26.) Plaintiff alleges he contacted Ms. Wheeler between February 25 and March 8, 2011 to return the property. Plaintiff never returned the laptop computers. SMF 8. Plaintiff's only allegation of Insight Global's alleged wrongful conduct is that Ms. Wheeler was unavailable to take receipt of the property. SMF 9. Rather than returning the property, Plaintiff retained the computers for several months. SMF 10.

On April 8, 2011, Kforce reported one of the laptops (Dell Latitude E4300/CTDC9K1) in Plaintiff's possession as stolen property belonging to the EPA and CSC to Homeland Security Federal Protective Services; the theft report does not identify the stolen property as owned by Insight Global. SMF 11, 12, 13. Insight Global had no role in preparing or submitting the theft report, nor did Insight Global communicate with the EPA, Homeland Security, Kforce, or CSC about the laptop computers. SMF 12.

It is undisputed that Plaintiff kept the laptops. SMF 8, 10. Also beyond dispute is that in 2011, Kforce reported the theft to Absolute Software Corporation ("Absolute"), whose software product, Computrace, was installed on the laptop in Plaintiff's possession, allowing Absolute to

locate the computer and identify Plaintiff by recording data whenever Plaintiff used the laptop to connect to the internet.  SMF 13.

### C.      The Arrest Warrant and Supporting Affidavit.

In the Affidavit in Support of Arrest filed in the criminal proceeding in D.C. Superior Court Case No. 2011 CMD 012168, Special Agent Brendt Johnson of Homeland Security Federal Protective Services stated that Shawn Emerson — an Asset Manager for Kforce — reported one of the laptops in Plaintiff's possession as stolen property.  (A true and correct copy of the Affidavit of Special Agent Brendt Johnson in Support of an Arrest Warrant ("Johnson Affidavit") is attached as Exhibit 2 to the Prewitt Declaration.)  Insight Global did not report a crime to the police; a Kforce employee did.  SMF 11, 12.

Special Agent Johnson's affidavit describes how one of the EPA laptops was traced to Plaintiff when he used the laptop to surf the Internet.  (Johnson Affidavit; *see also* Complaint ¶¶ 34–37.)  On June 15, 2011, Special Agent Johnson contacted Plaintiff and advised him to return that laptop to the EPA.  (Johnson Affidavit.)  Although Plaintiff told Special Agent Johnson that he had returned the missing laptop to the EPA on June 10, 2011, EPA employee Chris Baugh informed Special Agent Johnson on June 15 that Plaintiff had in fact returned a different laptop, Dell Latitude E6400/FT36VH1.  (Johnson Affidavit.)

Plaintiff returned the Dell Latitude E4300/CTDC9K1 laptop that was the subject of theft report #N11001090 to the EPA on June 20, 2011.  (Complaint ¶ 40.)  The EPA reported to Special Agent Brendt that the hard drive had been removed from the laptop that Plaintiff returned on June 20, 2011.  (Johnson Affidavit.)

On June 23, 2011, the Superior Court for the District of  Columbia issued a warrant for Plaintiff's arrest for receiving stolen property in violation of 22 D.C. Code §§ 3232(a) and 3232(c).  (A true and correct copy of the Warrant for Plaintiff's Arrest ("Warrant") is attached as

Exhibit 3 to the Prewitt Declaration.)  SMF 14, 16.

### D.    Plaintiff's Arrest and Criminal Trial.

A judge issued a warrant for Plaintiff's arrest, and Plaintiff voluntarily surrendered to officers of the District of Columbia Metropolitan Police Department without waiting to be taken into custody.  SMF 14, 16.  Plaintiff was kept in a holding cell for approximately fifteen (15) hours, and then was released.  (Complaint ¶¶ 52–57.)

Plaintiff was tried and found "not guilty" by the Court in a criminal proceeding in D.C. Superior Court September 12–13, 2011.  (Complaint ¶¶ 51, 53.)  Insight Global in no way participated in the criminal trial, did not provide witnesses or testimony, and did not have knowledge of Plaintiff's arrest and criminal prosecution.  SMF 15.

## III.    ARGUMENT

Legal Standard.

Federal Rule of Civil Procedure 56(a) provides that a court shall grant summary judgment to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "A material fact is one that 'might affect the outcome of the suit under the governing law.'" *Tookes v. United States*, 811 F. Supp. 2d 322, 329 (D.D.C. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  For a dispute about a material fact to be "genuine," the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." *McGrath v. Clinton*, 666 F.3d 1377, 1379 (D.C. Cir. 2012) (citation omitted).  The "mere existence of *some* alleged factual dispute" between the parties will not defeat an otherwise proper summary judgment motion.  *Liberty Lobby*, 477 U.S. at 247 (emphasis original).

The moving party must support its assertion that there is no genuine dispute as to any material fact by citing to particular parts of materials in the record, including documents,

affidavits or declarations, or other materials, or by showing that the materials cited do not establish the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).  When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  However, the party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Edmond v. Am. Educ. Services*, 823 F. Supp. 2d 28, 34 (D.D.C. 2011) *aff'd*, 483 F. App'x 576 (D.C. Cir. 2012) (internal citations omitted).

"The Supreme Court made clear in *Celotex Corp. v. Catrett*, 477 U.S. 317 [ ] (1986), that the movant has no burden of introducing evidence negating the nonmovant's claim." *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988) (citing *Celotex*, 477 U.S. at 323).  A moving party is entitled to a judgment as a matter of law where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof [at trial]." *Celotex*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

In addition to Federal Rule 56, in the U.S. District Court for the District of Columbia, Local Rule of Civil Procedure 7(h) requires "a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." L. R. Cv. P. 7(h)(1).  The court, in determining the motion, may assume the material facts identified in the movant's separate statement are admitted unless they are controverted by opposition to the motion. *Id.*

A.    **Insight Global Is Entitled to Summary Judgment Because Plaintiff Cannot Establish the Essential Elements of His Causes of Action.**

1.    **Plaintiff's Cause of Action for False Arrest Fails As a Matter of Law.**

Under District of Columbia law, "false arrest" is practically indistinguishable from the tort of "false imprisonment." *Dormu v. District of Columbia*, 795 F. Supp.2d 7, 27 (D.D.C. 2011). It is well-settled that a successful claim for false arrest or false imprisonment requires the plaintiff to show that he was unlawfully detained. *DeWitt v. District of Columbia*, 43 A.3d 291, 295 (D.C. 2012); *Clarke v. District of Columbia*, 311 A.2d 508, 511 (D.C. 1973). "[I]t is [also] a familiar principle that probable cause for an arrest and detention constitutes a valid defense" to a claim for false arrest. *Magwood v. Giddings*, 672 A.2d 1083, 1086 (D.C. 1996).

In this context, probable cause merely requires that the arresting officer "have a good faith, reasonable belief in the validity of the arrest and detention." *Gabrou v. May Dep't Stores Co.*, 462 A.2d 1102, 1104 (D.C. 1983); *see also Weisman v. Middleton*, 390 A.2d 996, 1002 (D.C. 1978) (stating that probable cause exists even where the arresting officer's reasonable belief in the validity of the arrest turns out to be unfounded). Probable cause does not need to be based on the same quality of evidence that would be needed to sustain a conviction, but must be based on more than "mere suspicion." *Perkins v. United States*, 936 A.2d 303, 306 (D.C. 2007). Finally, a private citizen cannot be held liable for false arrest for inducing an officer of the law to make an arrest if the officer exercises his or her own authority to arrest. *Vessels v. District of Columbia*, 531 A. 2d 1016 (D.C. 1987).

The uncontroverted facts establish that Plaintiff cannot state a claim for false arrest against Insight Global. A court issued an arrest warrant for Plaintiff based on the judge's determination that probable cause existed. SMF 14, 16. After his termination in February 2011, Plaintiff was actively using the laptops in his possession. SMF 8, 10. Further, after Agent

Johnson contacted Plaintiff to return the laptops to the EPA, Plaintiff only returned one computer, which ultimately was not the computer he had been asked to return. SMF 17. That action alerted the EPA and Agent Johnson that Plaintiff had more than one EPA computer in his possession. SMF 16, 17. Agent Johnson included these allegations in his Affidavit in support of the arrest warrant, establishing that Agent Johnson had a good-faith basis for probably cause in seeking the warrant. SMF 10, 11, 12, 14, 16, 17.

The facts establish Agent Johnson had a reasonable basis for requesting a warrant for Plaintiff's arrest, and the arresting officers of the D.C. Metropolitan Police Department had a "good faith, reasonable belief in the validity of the arrest and detention" when Plaintiff voluntarily surrendered himself to custody. *Gabrou,* 462 A.2d at 1104. Moreover, even if Insight Global had instigated the criminal investigation — which it did not and which Plaintiff does not allege — Homeland Security Federal Protective Services, the Assistant United States Attorney assigned to the matter, and the D.C. Metropolitan Police Department all proceeded with the criminal investigation, arrest, and detention of the Plaintiff pursuant to their own authority to do so, taking the case to trial. SMF 12, 14, 15, 16.

Because sufficient probable cause existed for Plaintiff's arrest warrant, his claim against Insight Global for false arrest fails.

### 2. The Court Should Enter Judgment for Insight Global on Plaintiff's Malicious Prosecution Claim.

The undisputed facts do not support Plaintiff's claim for malicious prosecution. The elements for a malicious prosecution claim are: (i) a criminal proceeding instituted or continued by the defendant against the plaintiff; (ii) termination of the proceeding in favor of the accused; (iii) absence of probable cause for the proceeding, and (iv) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice. *DeWitt,* 43 A.3d at

295–96. "The existence of probable cause will . . . defeat a claim for malicious prosecution," and plaintiffs bear the burden of proof to show lack of probable cause. *Gabrou,* 462 A.2d at 1104; *see also Prieto v. May Dep't Stores Co.,* 216 A.2d 577, 578 (D.C., 1966); *DeWitt,* 43 A.3d at 296 (quoting *Schlueter v. S. Energy Homes, Inc.,* 252 Fed. Appx. 7, 9 (6th Cir. 2007) ("the plaintiff bears a heavy burden of proof to show lack of probable cause.")).

As detailed above, the undisputed facts — and, indeed, Plaintiff's own allegations — show that a valid warrant was issued for Plaintiff's arrest based on probable cause. SMF 10, 11, 12, 14, 16, 17. Plaintiff's claim for malicious prosecution fails for that reason alone. Plaintiff's claim is also fatally deficient because he cannot show that Insight Global or its employees acted with malice or any primary purpose other than retrieving missing property. *DeWitt,* 43 A.3d at 295–96.

There are no facts that Plaintiff was prosecuted due to any conduct of Insight global, let alone malicious conduct on the part of Insight global. In fact, it can only be said that Insight Global was not involved in the prosecution of Plaintiff. SMF 11, 12, 13, 14, 15. The Court should therefore summarily adjudicate plaintiff's cause of action for malicious prosecution in favor of Insight Global.

### 3. Plaintiff's Intentional Infliction of Emotional Distress Cause of Action Fails As a Matter of Law.

Based on the known facts, Plaintiff cannot satisfy his burden of establishing the elements of intentional infliction of emotional distress: (i) extreme and outrageous conduct on the part of the defendant which, (ii) intentionally or recklessly (iii) causes the plaintiff severe emotional distress. *Baltimore v. District of Columbia,* 10 A.3d 1141, 1155 (D.C. 2011); *Kotsch v. District of Columbia,* 924 A.2d 1040, 1045 (D.C. 2007); *Larijani v. Georgetown Univ.,* 791 A.2d 41, 44 (D.C. 2002); *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856, 861 (D.C. 1999). There is a high

threshold for "extreme and outrageous conduct" — "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kotsch*, 924 A.2d at 1045–46 (quoting Restatement (Second) of Torts § 46, cmt. D (1965)) (alteration in original).   "In the District of Columbia, employer-employee conflicts rarely, if ever, 'rise to the level of outrageous conduct.'" *Marshall v. Honeywell Technology Solutions, Inc.,* 536 F. Supp.2d 59, 70 (D.D.C. 2008) (quoting *Howard Univ. v. Best,* 484 A.2d 958 at 986 (D.C. 1984)).

The third element requires a showing that the defendant's conduct caused "severe emotional distress" to the plaintiff. *Ross v. DynCorp*, 362 F. Supp.2d 344, 360 (D.D.C. 2005). Under D.C. precedent, general allegations of mental anguish and stress do not support a claim for intentional infliction of emotional distress, and a plaintiff may not recover for intentional infliction of emotional distress "merely because conduct causes mental distress." *Lyles v. Micenko*, 468 F. Supp.2d 68, 75 (D.D.C. 2006) (citing *District of Columbia v. Thompson*, 570 A. 2d 277, 290 (D.C., 1990); *Futrell v. Dept. of Labor Federal Credit Union,* 816 A.2d 793, 808 (D.C. 2003).).

Plaintiff cannot recover for intentional infliction of emotional distress against Insight Global because there are no facts to establish that Insight Global acted wrongfully, let alone extremely or outrageously. *See Kotsch*, 924 A.2d at 1045–46.  Plaintiff's sole allegation against Insight Global is that Ms. Wheeler "either failed to show or was unavailable" when he contacted her regarding returning the computers.  SMF 9.  This singular allegation does not rise to the level even of negligence, much less "go beyond all possible bounds of decency" to be "atrocious, and utterly intolerable in a civilized community." *Kotsch*, 924 A. 2d at 1045-46.  Although Plaintiff

claims that Insight Global "instigated, directed, participated in and effected the [Plaintiff's] arrest and imprisonment," it is beyond doubt that Kforce prepared and submitted the theft report that triggered the criminal investigation, and Agent Johnson's Affidavit states that the EPA reported one of the missing computers as stolen.  SMF 11, 12, 13, 17.  Insight Global was not involved in reporting the computers as stolen or in any of the subsequent events stemming from the reporting.  SMF 11–17.

Because the facts establish that Insight Global's conduct was neither extreme nor outrageous, Plaintiff's claim for intentional infliction of emotional distress must fail.

### 4. Plaintiff's Cause of Action for Negligent Infliction of Emotional Distress Cannot Survive.

Plaintiff's claim for negligent infliction of emotional distress fails as to Insight Global for many of the same reasons.  To recover for negligent infliction of emotional distress, a plaintiff must show that:  (1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being, (2) there is an especially likely risk that the defendant's negligence would cause serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff.

*Hedgepeth v. Whitman Walker Clinic,* 22 A.3d 789, 810-811 (D.C. 2011).

Here, the Plaintiff does not claim negligent infliction of emotional distress caused by Insight Global's termination of his employment or any Insight Global conduct that occurred during his employment.  SMF 7–10.  Rather, he alleges that the defendants, including Insight Global, caused him severe emotional distress by failing to "conduct an adequate investigation or fully participate in the investigation regarding the allegation that Plaintiff was in possession of

stolen property." (Complaint ¶ 67.) This alleged wrongful conduct occurred after plaintiff was no longer an employee of Insight Global and he has not alleged what relationship he then had with Insight Global that "necessarily implicat[ed] [his] emotional well-being." *Hedgepeth*, 22 A.3d at 810; see also SMF 7–10. Plaintiff also cannot present a plausible claim that there was an especially likely risk that Insight Global's alleged failure to fully investigate or participate in the criminal prosecution of a former contract employee would cause serious emotional distress to Plaintiff. Insight Global, in any event, had no knowledge of the investigation. SMF 11, 12, 15.

Finally, Plaintiff has not and cannot support a claim that any of Insight Global's actions proximately caused any severe emotional distress that he allegedly experienced. The causal chain between Ms. Wheeler allegedly being "unavailable" to take receipt of the laptops after Plaintiff's termination and Plaintiff's arrest is simply too attenuated and complicated by Plaintiff's own actions to amount to anything approaching proximate causation.

### 5.   The Court Should Enter Judgment for Insight Global on Plaintiff's Claim for Negligent Hiring, Training, Supervision, and Retention.

Plaintiff has not asserted and cannot assert facts sufficient to support a plausible claim against Insight Global for negligent hiring, training, supervision, and retention. Although any hiring, training, supervision, and retention of Insight Global's employees occurred in Virginia where Insight Global's local office is located, Plaintiff's claim is fatally deficient regardless of whether Virginia or District of Columbia law applies.

#### a.   Legal Standards.

Claims related to negligent hiring, training, supervision, and retention derive from the general tort of negligence. *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C. 2007). To prove a claim of negligence, a plaintiff must show the existence of a duty of care owed by the defendant to him (or to a class of which he is a member), a breach of that duty by the defendant,

and damage to the interests of the plaintiff that are proximately caused by the breach of duty. *See, e.g., District of Columbia v. Harris,* 770 A.2d 82, 87 (D.C. 2001).   Under Virginia law, negligent hiring occurs when an employer places "an unfit person in an employment situation involving an unreasonable risk of harm to others." *J. v. Victory Tabernacle Baptist Church,* 372 S.E.2d 391, 394 (1988).   Therefore, in any negligent hiring case, the plaintiff must prove that he was injured by an employee of the defendant, and that the employer knew or should have known that its employee had some deficiency in education, training, or physical or mental status that created an unreasonable risk of harm. *See, e.g., id.* Further, the plaintiff must show that the employer's act of putting "an unfit person" in the employment situation proximately caused the plaintiff's injuries. *Infant C v. Boy Scouts of America,* 391 .S.E.2d 322, 326 (1990).

The standard for a claim of negligent hiring is practically identical under D.C. law. *See, e.g., Beyene v. Hilton Hotels Corp.,* 815 F. Supp.2d 235, 252 (D.D.C. 2011) ("[A]n employer owes duties to third persons 'to use reasonable care to select employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee.'" (quoting *Fleming v. Bronfin,* 80 A.2d 915, 917 (D.C. 1951)).

Virginia law does not recognize a cause of action for either negligent training or negligent supervision. *Williams v. Dowell,* 1994 WL 1031277, 3 (Va. Cir. Ct. 1994); *Chesapeake & Potomac Telephone Co. of Va. v. Dowdy,* 365 S.E.2d 751, 754, (1988) (the Virginia Supreme Court found no cause of action for negligent supervision); *Eley v. Evans,* 476 F. Supp.2d 531, 532 n.3 (E.D.Va. 2007) (stating that "federal and Virginia courts have held that Virginia does not recognize negligent supervision as a valid cause of action").   While D.C. does recognize those causes of action, (*see, e.g., Dormu v. District of Columbia,* 795 F. Supp.2d 7, 31 (D.D.C. 2011), the facts here do not support such claims.

To support a claim for negligent supervision in D.C., a plaintiff must show that "an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C. 1985) (emphasis omitted). Moreover, the employer's negligence must have been a substantial factor in causing the plaintiff's injury. *Dormu,* 795 F.Supp.2d at 31 (citing *Tarpeh–Doe v. United States,* 28 F.3d 120, 124 (D.C. Cir. 1994).

For the same reasons, Plaintiff cannot present a plausible claim against Insight Global for negligent retention. Virginia and D.C. law both recognize a cause of action for negligent retention. *See Barrett v. Applied Radiant Energy Corp.,* 240 F.3d 262, 269 (4th Cir. 2001); *Philip Morris, Inc. v. Emerson,* 368 S.E.2d 268 (1988); *Beyene,* 815 F. Supp. 2d at 252. In order to prove an employer liable for negligent retention, a plaintiff must show that the employer knew or should have known that its employee was dangerous and likely to harm others. *Southeast Apartments Mgmt., Inc. v. Jackman,* 513 S.E.2d 395 (1999). *Beyene,* 815 F. Supp. 2d at 252.

> **b.    The Undisputed Facts Do Not Permit Plaintiff to Maintain a Claim for Negligent Hiring, Training, Supervision, or Retention.**

The legal standards show that a claim against the employer for negligent hiring, training, or supervision must be premised on an underlying actionable tort by the subject employee. Here, the facts do not establish that any particular act or omission by Insight Global, or its employee, Ms. Wheeler, was negligent. Plaintiff does not allege that Ms. Wheeler was "unfit" for her job in a manner that caused "an unreasonable risk" to others. *Victory Tabernacle,* 372 S.E.2d at 394. There is nothing that would allow the trier of fact to reasonably infer that there was any deficiency in Ms. Wheeler's education, training, or performance of her job. Plaintiff does not even allege that Ms. Wheeler was negligent in failing to "take receipt" of the computers. He

alleges only that she "either failed to show or was unavailable," when Plaintiff allegedly contacted her about returning the laptops, allegations that do not carry even any implied imputation of fault. SMF 9. In support of his claim for negligent hiring, training, supervision, and retention, Plaintiff merely alleges that:

> Defendant CSC, Defendant Kforce and Defendant Global [sic] Insight failed to adequately supervise its [sic] agents and/or employees when it [sic] made the false allegation that said property in Plaintiff's possession was stolen, and in Defendants [sic] participation in the criminal prosecution of Plaintiff. (Complaint ¶ 73.)

Plaintiff also claims that Insight Global:

> breached its duty when it failed to adequately supervise its agents/employees in properly assisting Plaintiff in the return of said property in Plaintiff's possession, after directing Plaintiff to provide said property to its agent/employee following Plaintiff's termination on February 25, 2011. (Complaint ¶74.)

The facts do not and cannot establish that Insight Global was negligent in the hiring, training, or supervision of Ms. Wheeler; that Ms. Wheeler's actions were wrongful; that Ms. Wheeler's actions (if they had been wrongful) were foreseeable by Insight Global; or that any actions taken by Ms. Wheeler proximately caused any injury to Plaintiff. Plaintiff cannot show that Ms. Wheeler behaved in a "dangerous or otherwise incompetent manner," much less that Insight Global knew or should have known of such behavior. His only "fact" is that Ms. Wheeler allegedly was unavailable. SMF 9.

Finally, there is no causal link between any of Insight Global's or its employee's actions and the injury of which Plaintiff complains. Regardless of whether Ms. Wheeler was unavailable to take receipt of the computers, Plaintiff was arrested because he retained possession of the EPA laptop computers for months and was actively using at least one of the EPA laptop computers in his possession to access the Internet. SMF 8, 10, 13. (Complaint ¶¶ 35–37). Plaintiff cannot sustain a plausible claim against Insight Global for negligent hiring, training, supervision, and

retention, and this claim should be dismissed with prejudice.

## IV.   <u>CONCLUSION</u>

There are no facts to support Plaintiff's causes of action against Insight Global.   The uncontroverted evidence shows that Insight Global was not involved in the theft report, the arrest warrant, or the subsequent prosecution of Plaintiff.   The computers at issue did not belong to Insight Global nor were they ever returned to Insight Global.   The only allegation against Insight Global in this case — that Ms. Wheeler was "unavailable" to receive the property — is not a fact upon which Plaintiff can base his claims against Insight Global.   The Court should therefore grant Insight Global's motion and enter judgment in its favor.

Dated:  February 28, 2013

Respectfully submitted,

*/s/ Matthew F. Prewitt*

Matthew F. Prewitt (D.C. Bar No. IL0018)
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
Email:  mprewitt@schiffhardin.com
*Attorneys for Defendant Insight Global, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | Civil No. 1:12-cv-01310-RJL |
| | ) | Hon. Richard J. Leon |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPUTER SCIENCE CORPORATION, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendant Insight Global, Inc.'s Motion for Summary Judgment, any opposition thereto, and all other relevant materials, papers, and filings in this case, it is this _____ day of _____, 2013 **ORDERED** that Defendant Insight Global, Inc.'s motion is hereby **GRANTED**.

DATE:_____

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2013, a copy of the foregoing Motion for Summary Judgment by Insight Global, Inc., and the accompanying Declaration of Matthew F. Prewitt with exhibits, Statement of Points and Authorities, Statement of Material Facts Not at Issue, and Proposed Order (collectively, "Motion") were sent by U.S. Express Mail (Overnight Delivery), postage prepaid, to:

Kenneth L. Blackwell, Esq.
Blackwell & Associates
P.O. Box 23610
Washington, DC 20026
*Attorney for Plaintiff*

I hereby certify that the other parties to this action were given notice of the foregoing Motion through the Court's electronic filing and notification system, and were served with courtesy copies of the Motion *via* e-mail to:

Malcom C. DeLorme, cdelorme@jonesday.com,
Jennifer C. Everett, jeverett@jonesday.com
*Attorneys for Defendant Computer Science Corporation*

Zachary G. Williams, zgw@carrmaloney.com
*Attorneys for Defendant Kforce, Inc.*

Dated: February 28, 2013

By:      /s/ Matthew F. Prewitt

Matthew F. Prewitt (D.C. Bar No. IL0018)
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: mprewitt@schiffhardin.com

*Attorneys for Defendant Insight Global, Inc.*

CH2\12537411.3